In the Matter of MELVIN KATZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 22, 1970.

*John G. Bonomi* of counsel for petitioner.

*Ronald J. Meiselman* for respondent.

*Per Curiam.* Respondent was suspended for negligent professional conduct (31 A D 2d 50). Subsequent to his suspension a complaint was made to the Committee on Grievances by one of the executors of the estate of Henry Epstein deceased, of which estate respondent was administrator *c.t.a.* Respondent was the attorney for the estate and failed to file Federal and New York State tax returns which resulted in a claim of tax delinquency and penalties. It is quite clear that respondent has failed to comprehend his obligation to exercise due diligence in the discharge of his professional obligations. Under our order of suspension, he was required to promptly notify all clients of his suspension. He failed to promptly notify the executors of the estate of Henry Epstein deceased. He was also required to keep and maintain records in compliance with our suspension order "so that, upon any subsequent proceeding instituted by or against him proof of compliance with the order of his suspension will be available." He has failed to establish compliance with this requirement. Respondent claims that the records were stolen from his motor vehicle. These records should not have been kept in a motor vehicle; they should have been kept in a permanent place readily available for inspection.

Moreover, it is not advisable for the respondent to continue in the employ of a City Marshal. A City Marshal is a public official whose work is closely allied with courts and judicial proceedings. The employment of an attorney under suspension by such a public official, whose duties include the enforcement of court orders, generates disrespect for the courts, our order of suspension, and tends to bring the administration of justice into disrepute. We therefore suggest respondent terminate such employment forthwith.

Application for reinstatement should be denied, with leave to renew after the expiration of six months. Respondent is directed to notify the Clerk of this court and the petitioner of the termination of his employment with the City Marshal within 10 days thereof.

STEVENS, P. J., McGIVERN, MARKEWICH, McNALLY and STEUER, JJ., concur.

Motion for reinstatement denied, with leave to renew after the expiration of six months from the date of the order entered herein. Respondent is directed to notify the Clerk of this court and the petitioner of the termination of his employment with the City Marshal within 10 days from the date of the order entered herein.